IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.    14-CR-191-S

OLIVIA LEIGH SURIANI,

                Defendant.



## PLEA AGREEMENT

The defendant, OLIVIA LEIGH SURIANI and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one-count Information charging a violation of Title 8, United States Code, Section 1326(a) (alien found in the United States after deportation/removal), for which the maximum possible sentence is a term of imprisonment of 2 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 1 year.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that if it is determined that the defendant has violated any of the terms or conditions of supervised release the defendant may be required to serve in prison all or part of the term of supervised release, up to 1 year, without credit for

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. That the defendant was an alien at the time of the offense alleged;

   b. That prior to the time of the offense alleged, the defendant had been deported from the United States;

   c. That the defendant voluntarily entered, attempted to enter, or was found in, the United States; and

   d. That the defendant had not received the express permission of the Attorney General of the United States or his successor, the Secretary for Homeland Security, to reapply for admission to the United States before returning to the United States on the date alleged.

### FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. The defendant, OLIVIA LEIGH SURIANI is a native and citizen of Canada and is not a citizen of the United States.

b. The defendant was ordered deported/removed to Canada from the United States on January 13, 2014. The defendant was removed from the United States to Canada on January 13, 2014 pursuant to that removal order via the City of Galveston, Texas port of entry.

c. On or about October 2, 2014, Border Patrol agents received information from Niagara Regional Police that a woman and her dog were onboard a kayak heading toward Beaver Island Park from Canada. When Border Patrol agent arrived, they found the defendant walking toward a taxi with her dog near the Beaver Island Park office, in the Western District of New York. Defendant admitted that she had entered the United States illegally by way of kayak near Buffalo, New York.

d. A complete set of fingerprints was electronically captured from OLIVIA LEIGH SURIANI and submitted to the Federal Bureau of Investigation, Identification Division, in Clarksburg, West Virginia, via the Integrated Automated Fingerprint Identification System (IAFIS). This set of fingerprints produced a positive biometric match relating to OLIVIA LEIGH SURIANI indicating that she was a native and citizen of Canada and that she was not legally authorized to enter, reside, or work in the United States.

e. The defendant is the same person who was removed from the United States on January 13, 2014.

f. The defendant did not obtain the consent of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to reapply for admission to the United States.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines §2L1.2(a) applies to the offense of conviction and provides for a base offense level of **8**.

## USSG CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that no specific offense characteristics apply.

## ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **8**.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of **6.**

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action, the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

11.     The government and the defendant agree that, with a total offense level of **6** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **0 - 6** months, a fine of **$500** to **$5,000**, and a period of supervised release of **1 year**.  Notwithstanding the calculations set forth above, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

12.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement.  A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.  A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement, and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.  STATUTE OF LIMITATIONS

14.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to entering, attempting to enter or being found in the United States after deportation/removal which is not time barred as of the date of this agreement.   This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.  ALIEN STATUS

15.   The defendant acknowledges that the defendant is not a citizen of the United States and that the defendant is on notice that the defendant's ability to enter, remain, and/or reside in the United States is subject to the laws, regulations, and associated policies of the Department of Homeland Security.   The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status will be determined by the Department of Homeland Security in a separate proceeding.   The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

16. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

d. advocate at sentencing consistent with the terms of this agreement.

17. At sentencing, the government will move to dismiss the complaint pending against the defendant under Magistrate's No. 14-M-2098.

18. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

19. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however,

knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine, and supervised release set forth in Section III, Paragraph 11, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

20. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine, and supervised release set forth in Section III, Paragraph 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

22. This plea agreement represents the total agreement between the defendant, OLIVIA LEIGH SURIANI and the government. There are no promises made by anyone

other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

                                    WILLIAM J. HOCHUL, JR.
                                    United States Attorney
                                    Western District of New York

BY:    */s/ Marie P. Grisanti*
           MARIE P. GRISANTI
           Assistant U. S. Attorney

Dated: December 15, 2014

I have read this agreement, which consists of 10 pages.   I have had a full opportunity to discuss this agreement with my attorney, JOHN HUMANN, AFPD.  I agree that it represents the total agreement reached between myself and the government.   No promises or representations have been made to me other than what is contained in this agreement.   I understand all of the consequences of my plea of guilty.   I fully agree with the contents of this agreement.   I am signing this agreement voluntarily and of my own free will.

_____  
OLIVIA LEIGH SURIANI  
Defendant

Dated:  December /5, 2014

_____  
JOHN HUMANN, AFPD  
Attorney for Defendant

Dated:  December /5, 2014

